IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVANGELOS D. AXARLIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1914 |
| | ) | |
| BMO HARRIS BANK, N.A., BMO | ) | |
| FINANCIAL GROUP, | ) | **Plaintiff Demands Trial by Jury** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Now comes the plaintiff, Evangelos D. Axarlis, by and through his attorneys, Robbins, Salomon & Patt, Ltd., and for his complaint at law, states as follows:

### Nature of the Action

1. Evangelos D. Axarlis (hereafter referred to as Axarlis) alleges that under Federal Standard Labor Law (FSLA) and state wage laws, specifically, the Illinois Wage & Labor Act (IWLA), an employee is entitled to be paid for all hours worked and to receive overtime pay for all hours worked over 40 hours per week. Plaintiff alleges that during the relevant time described herein, defendant misclassified plaintiff as "exempt" for the purpose of state overtime laws in order to save overtime wages by requiring plaintiff to work in excess of 40 hours per week without paying time and a half for all hours worked in excess of 40 hours per week.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1332 and 1367 because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties and because the action involves a federal

11V8784

1

statute, 29 U.S.C. 201, *et seq.* (The Fair Labor Standards Act). The Plaintiff does not bring any claims under any collective bargaining agreement.

3. Venue lies in the Northern District of Illinois in that during all relevant times to the employment relationship, Plaintiff performed work in this district and are residents of the this district and Defendants were and are engaged in business in this District.

## The Parties

4. Plaintiff, Evangelos D. Axarlis, is a former employee of Defendant who, within the applicable period of limitations prior to the commencement of this action was unlawfully deprived of wages due and owing to him by defendant.

5. Defendants, BMO Harris Bank, N.A. and BMO Financial Group (hereafter BMO or defendants) performed business within the state of Illinois including Cook County, Illinois.

## Statement of Facts Regarding Misclassification Claims for Plaintiff

**A. Defendants' Compensation Practices Require Plaintiff to Work in Excess of Forty (40) Hours Per Work Week Without Being Paid Time-and-a-Half**

6. Plaintiff was employed by Defendant working in the Strategic Sourcing Division of Defendants' Chicago office.

7. It is and was at all relevant times, a policy of Defendants that employees which Defendants claimed as "exempt" were required to work over 40 hours per week.

8. Plaintiff was typically scheduled and mandated to perform tasks requiring work of at least 50-60 hours per week. Plaintiff worked more than 50 hours per week throughout his tenure.

9. Plaintiff was paid on an hourly salary and, Plaintiff had nominal, if any, time and responsibility to exempt duties.

10. The vast majority of Plaintiff's duties entailed non-managerial work, none of which involved the exercise of actual authority.

11. Defendants required hourly employees to work in excess of forty (40) hours per week without any additional compensation beyond the fixed salary of 80 hours paid every two weeks.

12. Plaintiff was mislabeled as an "exempt" employee under applicable law.

13. Plaintiff's non-managerial job responsibilities and workload overwhelmed any executive, administrative or strategic duties and thereby do not constitute an exempt class of employees.

14. The Defendants' unlawful conduct was and is not inadvertent, *de minimus*, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting Defendants' employees, specifically Plaintiff herein.

**B.  Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA.**

15. Defendants required and permitted Plaintiff to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay.

16. Defendants mandated that Plaintiff maintain client contact on both the east and west coast forcing him to work extended hours.

17. Defendants failed to maintain records regarding the Plaintiff's work hours.

18. Defendants had actual knowledge and/or constructive knowledge of the hours worked by Plaintiff was in excess of forty (40) hours and beyond his "scheduled" hours.

19. Defendants' unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

20. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

21. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

22. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### Factual Statements Regarding Work Duties and Exempt Status

23. Plaintiff's job duties and responsibilities were overwhelmingly tasks, including investigation of pricing for goods, requests for pricing and bids which he was not authorized to execute without approval and completing initial audits of inventory and supplies for review by his superiors.

24. 80-90% of Plaintiff's job duties were non-discretionary and came from directives of his superiors within BMO.

25. Plaintiff had little to no actual authority or decision making power and/or exercised no discretion and no independent judgment.

26. Plaintiff's few decisions were not into matters of significance but were investigatory in nature so as to gain information to be tendered to individuals with authority to execute same.

### Failure to Pay Overtime Rate of Pay Correctly

27. Plaintiff worked as an hourly non-exempt employee.

28. Plaintiff, as seen by his paychecks, was paid an hourly rate of pay for all hours worked less than 40 hours.

29. Plaintiff was not paid at an overtime rate for all hours over 40 hours.

30. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.) (emphasis added).

31. Defendants required and permitted Plaintiff to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay.

32. Defendant failed to maintain records regarding the Plaintiff's work hours.

### **History Leading to Violations**

33. Plaintiff was an employee at BMO Harris Bank, N.A. working in and about the BMO Harris office located in Cook County, Illinois.

34. At all relevant times from August 5, 1985, plaintiff has been an employee at BMO Harris in the charge card division.

35. In 2000, plaintiff transferred to the strategic sourcing division in downtown Chicago.

36. Plaintiff's duties included contract vendor negotiations, maintenance, RFP's and RFD's, auditing of supply purchases and invoice, among other things.

37. At all relevant times, plaintiff was paid at an hourly rate to work 40 hours per week.

38. From 2000 forward, plaintiff's regular pay was $35.8956 per hour.

39. At all relevant times, hourly employees were paid every two weeks.

40. As an hourly employee, Plaintiff received insurance, long-term disability, and accidental death and dismemberment, for which I paid a share.

41. Plaintiff was typically and set tasks requiring work of at least 50 to 55 hours per week. Plaintiff worked at least 50 hours per week virtually every week that he was an employee at BMO Harris from 2000 to the present.

42. The vast majority of plaintiff's duties entailed work in which he was required to report to management and in order to exercise authority, had to receive authority from management. Plaintiff is not an exempt employee under the Illinois Wage Act as there is no such definition under the applicable law.

43. Plaintiff's non-managerial job responsibility and workload caused him to work in excess of 40 hours per week. At no time did the Defendant pay Plaintiff for those hours he worked in excess of 40 hours per week.

44. The defendant's unlawful conduct was and is not inadvertent, *de minimus*, isolated, or sporadic, but widespread, repeated, and part of a pattern and practice of conduct affecting all of defendant's employees. Defendant required and permitted plaintiff to work more than 40 hours in a given week. Defendant did not pay plaintiff for the overtime hours worked which should have been paid at the rate of one and a half times of the regular rate of pay. Defendant failed to maintain records regarding plaintiff's work hours and specifically did not maintain records regarding plaintiff's work hours in excess of 40 hours per week.

45. Defendant had actual knowledge and/or constructed knowledge of the hours worked by plaintiff in excess of 40 hours and beyond his scheduled banking hours.

46. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent, and occurs nationally at BMO N.A. locations.

47. Defendant's conduct as set forth above has been willful and in bad faith and has caused significant damages to the plaintiff.

## **COUNT I – FLSA Claims for Overtime Wages**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 above as and for paragraph 48 of Count I.

49. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

50. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiffs employed by Defendant, to misclassify employees as "exempt" employees in order to require exempt to perform work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate.

51. At all relevant times, the work performed by Plaintiff was required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

52. As a result of the Defendant's willful failure to record or compensate Plaintiff for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

53. As a result of the Defendant's willful failure to record, report, credit, and/or compensate Plaintiff, Defendant has failed to make, keep and preserve records with respect to

each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

54. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

55. Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

57. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

58. At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 *et seq*., and the supporting United States Department of Labor regulations;

B. Unpaid regular wages, and overtime wages pursuant to the FLSA and USDOL regulations;

C. Compensation originating from Defendants company policies, contractual obligations owed as a result of unpaid overtime wages;

D. An injunction requiring Defendants to pay all statutorily-required wages pursuant to FLSA and USDOL regulations;

E. An injunction requiring Defendants to pay all statutorily-required wages;

F. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

G. Attorneys' fees and costs of this action; and

H. Such other relief as this Court shall deem just and proper. Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I. Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) and attorneys' fees. 29 U.S.C. § 216(b).

### COUNT II - Overtime Wages Under the Illinois Minimum Wage Law "IMWL"

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 above as and for paragraph 60 of Count II.

61. Plaintiff was an employee of the Defendant pursuant to the IMWL and were not paid overtime wages owed to him, and/or not paid at the proper rate of pay for all overtime work.

62. IMWL 820 ILCS 105/4a defines "exempt" employees as any employee:

> a. Any employee employed in a bona fide executive, administrative or professional capacity, including any radio or television announcer, news editor, or chief engineer, as defined by or covered by the Federal Fair

> Labor Standards Act of 1938 and the rules adopted under that Act, as both exist on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations as proposed in the Federal Register on March 31, 2003 or a greater amount of salary as may be adopted by the United States Department of Labor. For bona fide executive, administrative, and professional employees of not-for-profit corporations, the Director may, by regulation, adopt a weekly wage rate standard lower than that provided for executive, administrative, and professional employees covered under the Fair Labor Standards Act of 1938, as now or hereafter amended.

63. During the IMWL claim period, Defendant classified Plaintiffs as "exempt" employees despite paying him an hourly rate.

64. During the IMWL claim period, Plaintiff never performed the duties which would qualify Plaintiffs as "exempt" employees pursuant to 820 ILCS 105/4a.

65. Defendant derived benefits by classifying Plaintiff as an "exempt" employee in that they failed to pay Plaintiffs time-and-a-half for all hours worked in excess of forty (40) hours per pay period.

66. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

67. Defendant's unlawful conduct was and is not inadvertent, *de minimus*, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff.

68. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

69. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

11V8784                                       10

A. For a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq;*

B. Liquidated damages in accordance with the IMWL;

C. Consequential damages;

D. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

F. Attorneys' fees;

G. Costs of this action;

H. Pre-Judgment Interest as per 815 ILCS 205/2;

I. Damages equal to 2% of the amount of any wage underpayments as per 820 ILCS 105/12a; and

J. Such other relief as this Court shall deem just and proper.

**Plaintiff Demands Trial by Jury.**

Respectfully submitted,

/s/ L. Steven Platt
L. Steven Platt, ARDC No. 3122005
Tracy E. Stevenson, ARDC No. 6207780
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago, IL 60601
312-782-9000
email: lsplatt@rsplaw.com
email: tstevenson@rsplaw.com